## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 21 2015, 8:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Bates
Office of the Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Percy Lee Blake,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 21, 2015

Court of Appeals Case No. 45A05-1412-CR-563

Appeal from the Lake Superior Court

The Honorable Diane Ross Boswell, Judge

Trial Court Cause No. 45G03-1112-FC-154

**Baker, Judge.**

Percy Blake pleaded guilty to theft after making purchases with Citibank credit cards that he obtained fraudulently. The trial court ordered him to pay restitution to Citibank in the amount of $8,715.87. Blake appeals, arguing that this amount is too high. Finding sufficient evidence to support this amount, we affirm.

# Facts

On December 22, 2011, the State charged Blake with fraud on a financial institution, a class C felony, and synthetic identity deception, a class D felony. On July 18, 2014, the State amended the charge, adding one count of theft, a class D felony. That same day, Blake entered into a plea agreement, in which he agreed to plead guilty to theft in exchange for dismissal of the two original counts. The agreement left sentencing open, allowing both parties to argue their positions at a later hearing.

On October 30, 2014, the trial court held this hearing. After accepting Blake's guilty plea, the trial court sentenced him to three years in the Department of Correction, to be served in the Lake County Community Corrections Kimbrough Work Program. It also ordered that he pay Citibank $8,715.87 in restitution, as a Citibank representative testified at the hearing that Blake had used fraudulently obtained credit cards to make purchases in this amount. Blake now appeals, challenging the amount of restitution.

# Discussion and Decision

[4]    Blake believes the evidence presented at the hearing was insufficient to support the trial court's award of restitution in the amount of $8,715.87. We review a trial court's order of restitution for an abuse of discretion. *Rich v. State*, 890 N.E.2d 44, 49 (Ind.Ct.App.2008). An order of restitution must be supported by sufficient evidence of the actual loss sustained by the victim. *Id.* "The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence." *Id.* (quotations omitted). Under an abuse of discretion standard, we will not reverse the trial court "if there is any rational basis in the record supporting its determination." *Shady v. Shady*, 858 N.E.2d 128, 143 (Ind. Ct. App. 2006).

[5]    At the hearing, the State called Bryan Rozanski, a representative of Citibank, to testify. Rozanski testified that, after reviewing Citibank's records, he believed that Blake had made $8,715.87 in purchases using fraudulently obtained credit cards while in Indiana. Tr. p. 19. The records that Rozanski relied on were not entered into evidence. On cross-examination, Rozanski testified that he was not aware of who had signed for the purchases. Tr. p. 20. Blake presented no evidence of his own, but argued to the trial court that he believed he had only made approximately $3,000 worth of fraudulent purchases while in Indiana. Tr. p. 21. The trial court found Rozanski's testimony to be credible, and ordered Blake to pay restitution in the amount of $8,715.87.

[6] While Blake disagrees with the trial court's decision, we believe this evidence was sufficient to allow the trial court to reasonably conclude as it did. Here, Blake had admittedly exerted unauthorized control over Citibank credit cards. Tr. p. 8-10. Following Rozanski's testimony, Blake did not contend that he did not make fraudulent purchases using the accounts that Rozanski referenced nor did he question Rozanski's ability to review the records of those accounts properly. In fact, he assured the trial court that he was not taking issue with the amounts reflected in those records. Tr. p. 37. His argument boiled down to little more than the insinuation that someone else could have used the cards to make some of the purchases, an argument he reiterates on appeal.[1] Tr. p. 35-37.

[7] Blake has not shown that the evidence supporting the trial court's conclusion is insufficient, he merely proposes a different set of facts. However, we leave factual determinations to the trial court and, on appeal, we do not reweigh the evidence or judge the credibility of the witnesses. *Shady*, 858 N.E.2d at 143. Accordingly, we may not entertain Blake's request.

[8] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.

---

[1] Blake argued that there was more than one authorized user on the account and that, because the State could not produce evidence of who had signed for the purchases, it could not show that Blake had made the purchases. However, the State pointed out that Blake was not signing under his own name and that, had the case gone to trial, it would have introduced evidence that Blake was acting as both authorized users under two aliases and that he had been caught carrying false identification corresponding to both of those aliases. Blake did not object to these assertions. Tr. p. 28-31.